1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAWNEEN PARDINI CAOVILLA;
DAVID CAOVILLA,

        Plaintiffs,

      v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

Case No.: 13-cv-1003 JSC

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS (Dkt. No. 7)**

       In this civil action, Plaintiffs sue Wells Fargo Bank and Wells Fargo Home Mortgage, Inc. (collectively "Wells Fargo") for injunctive and declaratory relief seeking to stay a foreclosure sale of their home.[1]  Now pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (Dkt. No. 7.)  Plaintiffs did not appear at the time set for the hearing on this motion on May 16, 2013, although they arrived few minutes after the Court called the next case; the Court also notes that Plaintiffs previously appeared on April 25, 2013 the date the motion to dismiss was initially set to be heard.  After reviewing the

---

[1] Both parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

papers submitted by both parties, the Court GRANTS the motion to dismiss with leave to amend.

## ALLEGATIONS OF THE COMPLAINT

The relevant facts taken from Plaintiffs' Complaint, documents incorporated into the Complaint by reference, and documents of which the Court takes judicial notice, are as follows.[2]

On October 3, 2006, Plaintiffs David Caovilla and Dawn Pardini secured a loan of $385,250.00 from World Savings Bank, FSB, ("WSB") a federal savings bank . (Dkt. No. 1-1, pp. 66-71.)   The loan was secured by a deed of trust ("the Deed") recorded against 3787 Bayview Circle, Concord, California 94520 ("the Property") and was memorialized by a promissory note ("Note").  (Dkt. No. 7-2, Ex. A.)

WSB changed its name to Wachovia Mortgage, FSB ("Wachovia") in November 2007.  (Dkt. No. 7-2, Ex. B.)  Effective November 1, 2009, Wachovia converted to a national bank named Wells Fargo Southwest, National Association, which then merged with and into Wells Fargo Bank, National Association.  (Dkt. No. 7-2, Exs. C & D.)

On November 23, 2011, NBS Default Services on behalf of Defendant Wells Fargo sent Plaintiffs a Notice of Default ("Notice") and recorded it with the Contra Costa County Recorder's Office, quantifying the delinquency at $9,462.79.  (Dkt. No. 7-2, Ex. E.)  Nearly six months later, a Substitution of Trustee was recorded with the Contra Costa County Recorder's Office substituting Wells Fargo Bank as the beneficiary in lieu of WSB, the original trustee.  (Dkt. No. 7-2, Ex. F.)  That same day, a Notice of Trustee's Sale was recorded setting a trustee sale for April 4, 2012.  (Dkt. No. 7-2, Ex. G.)

Plaintiffs allege that they attempted to communicate with Defendants unsuccessfully several times following their receipt of the Notice of Default.  Shortly before filing suit,

---

[2] The Court GRANTS Defendants' Request for Judicial Notice (Dkt. No. 7-1) as the documents are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Federal Rule of Evidence 201(b); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (finding that judicial notice is also appropriate for "materials incorporated into the complaint").

United States District Court
Northern District of California

Plaintiffs sent Defendants an "Offer to Settle" wherein they requested a permanent loan modification. (Dkt. No. 1-1, pp. 63-64.)

## PROCEDURAL HISTORY

On February 27, 2013, Plaintiff filed this action in the Superior Court for the County of Contra Costa; shortly thereafter, Defendants removed the action to this Court based on diversity jurisdiction.[3]  Defendants then filed the underlying motion to dismiss seeking dismissal of Plaintiffs' claims with prejudice.  Plaintiffs initially failed to file an opposition to the motion, but upon receipt of an Order to Show Cause from this Court, Plaintiffs filed an opposition brief.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   Under Federal Rule of Civil Procedure 8(a)(2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (internal citations and quotations omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).   However, even under the liberal pleading standard of Federal Rule of Civil

---

[3] Diversity jurisdiction exists because Plaintiffs allege they are citizens of California and this Court has previously held that Wells Fargo is a citizen of South Dakota and not of California. *See Flores v. Wells Fargo Bank*, N.A., 2012 WL 832546 (N.D. Cal. Mar. 12, 2012).

United States District Court
Northern District of California

Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).   "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

Pro se pleadings are generally liberally construed and held to a less stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* at 342 (internal quotations and citations omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed.R.Civ.P. 15(a).  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiffs' Complaint contains three causes of action: (1) permanent and temporary injunctive relief seeking to enjoin the foreclosure sale, (2) declaratory relief declaring that Wells Fargo has no legal or equitable rights, and (3) quiet title.  In essence, Plaintiffs appear to be making a wrongful foreclosure claim which the Court analyzes in detail below.

### A.    Defendants' Standing to Foreclose

The Complaint is predicated on the theory that the Defendants lack standing to foreclose.  Plaintiffs' arguments appear premised on The Uniform Commercial Code ("UCC") as they argue that pursuant to the UCC the Note is a non-negotiable instrument

4

1    which cannot be conveyed without endorsement.  (Complaint ¶¶14-17.)  Plaintiffs also

2    contend that the Note cannot be conveyed or transferred by endorsement and they challenge

3    the authenticity of "all the signatures of any alleged original instrument pursuant to UCC 3-

4    308."  (*Id.* ¶ 15.)  Finally, Plaintiffs argue that under Article 9 of the UCC that to effectively

5    transfer there must be "evidence of a valid assignment of mortgage/deed of trust AND the

6    note" because "assignment of a mortgage or deed of trust is not the same as an assignment of

7    the note" and to have standing to foreclose the bank must "provide all valid and recorded

8    assignments of the security instrument AND the note." (*Id.* ¶ 16.)

9          Defendants contend that Plaintiffs' theory fails as a matter of law. They argue that

10   California Civil Code sections 2924 et seq. established a "comprehensive framework for the

11   regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of

12   trust." (Dkt. No. 7, 10:5-7 (citing *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994).)

13   Defendants further contend that the UCC provisions on which Plaintiffs rely do not apply to

14   non-judicial foreclosure proceedings; rather, California courts considering Section 2924

15   authorize a trustee, mortgagee, or beneficiary, or any of their authorized agents to initiate the

16   foreclosure process.  Defendants rely on *Gomes v. Countrywide Home Loans, Inc.*, 192

17   Cal.App.4th 1149, 1155 (2011), to establish Wells Fargo's right to foreclosure.

18          In their opposition to the motion to dismiss, Plaintiffs do not respond to Defendants'

19   arguments with particularity, but reiterate their argument that Wells Fargo has "failed to

20   provide sufficient evidence of lawful ownership of the note AND Deed of trust and chain of

21   title, Defendant Bank has failed to provide a copy the Actual note and Actual Deed in

22   question and has only provided copies that were received from the county records office.

23   Bank has failed to produce original documents that are not forged or altered." (Dkt. No. 12.)

24   Plaintiffs also detail their efforts to obtain discovery from Wells Fargo, apparently to no avail.

25          It is well-established that California's nonjudicial foreclosure statutes, California Civil

26   Code sections 2924 through 2924(k), exclusively govern nonjudicial foreclosures.  *Moeller v.*

27   *Lien*, 25 Cal. App. 4th 822, 831 (1994).  In *Moeller*, the court considered whether California

28   Civil Code section 3275, "Relief in case of forfeiture," could be "applied against a bona fide

     purchaser for value at a nonjudicial foreclosure sale."  25 Cal. App. 4th at 826.  The court

reasoned that Cal. Civ. Code §§ 2924-2924(k) "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Id.* at 834.  The court added:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive.  It includes a myriad of rules relating to notice and right to cure.  It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Id.* (internal citations omitted); *see also Hague v. Wells Fargo Bank, N.A.*, 2011 WL 3360026, at *3 (N.D. Cal. Aug. 2, 2011) (following *Moeller*); *Germon v. BAC Home Loans Servicing, L.P.*, 2011 WL 719591, at *2 (S.D. Cal. Feb. 22, 2011) (same); *Canales v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3320478, at *6 (C.D. Cal. Aug. 1, 2011) (following *Moeller* and holding that therefore UCC and Corporations Code do not apply to nonjudicial foreclosure).

Accordingly, California federal courts refuse to apply the UCC to nonjudicial foreclosures.  *See e.g.*, *Padayachi v. IndyMac Bank*, 2010 WL 4367221, at *3 (N.D. Cal. Oct. 28, 2010) ("[A]lthough Article 3 of the UCC governs negotiable instruments, it does not apply to nonjudicial foreclosure under deeds of trust.").   For example, in *Padayachi,* the court held that "[t]here is no requirement that any of the entities physically possess the note secured by the deed of trust or that any of them be a person entitled to enforce the note under [UCC] § 3301."  2010 WL 4367221, at *3 (internal quotation marks omitted); *see also Bulaoro v. Oro Real Inc*., No. 11-03059, 2011 WL 6372458 (N.D. Cal. Dec. 20, 2011) (noting that Article 9 of the UCC only applies to security interests in personal property and fixtures, and thus, "does not apply to plaintiffs' mortgage") (internal citations omitted); *Pagtalunan v. Reunion Mortgage Inc.*, 2009 WL 961995, at *2 (N.D. Cal. Apr. 8, 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust.").

Even if the UCC applied, Plaintiffs' assertion that Defendants have not "produced the 'original' note or evidence of a valid assignment(s) necessary to convey security interest to defendant Wells Fargo Bank" is belied by the judicially noticeable documents.  (Complaint ¶ 17.)  These documents include the Deed identifying Plaintiffs as the Borrowers and WSB its

United States District Court
Northern District of California

successors and/or assignees as the Lender (Dkt. No. 7-2, Ex. A); a letter from OTS approving WSB's change in name to Wachovia (Dkt. No. 7-2, Ex. B); a letter to Wells Fargo from the Comptroller of the Currency certifying the conversion of Wachovia to a national bank with the name Wells Fargo Bank Southwest, N.A. ("WFBS") (Dkt. No. 7-2, Ex. C); and an FDIC record certifying the merger of WFBS with Wells Fargo (Dkt. No. 7-2, Ex. D).

Plaintiffs do not challenge the accuracy of the evidence chronicling the succession of Wells Fargo from Wachovia and WSB; rather, they appear to contend that the documents are forged or altered and that Defendants have failed to establish chain of title. However, "California's non-judicial foreclosure scheme …broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale." *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010). Further, Plaintiffs have failed to include specific allegations regarding their claim that the Deed or Note are forgeries, and instead, insist without citation that the copies from the County Recorder's Office are insufficient.[4]

In *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011), the plaintiff alleged that the company selling the property in the nonjudicial foreclosure was not authorized to do so by the owner of the note. *Id.* at 1155. The court, however, held that a plaintiff may not use the courts to test whether the entity initiating a nonjudicial foreclosure has the authority to do so. *See id.* The court explained that "nowhere does [Civil Code section 2924] provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action." *Id.* Under section 2924(a)(1), a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate a nonjudicial foreclosure. The court reasoned that "[b]ecause of the

---

[4] Plaintiffs' argument that the Defendants have "montetized and sold the Plaintiff's note under a 'mortgage backed securities instrument' to investors under a pooling interest and therefore lacks standing" is similarly unavailing. (Complaint, 2:21-23); *Niranjan v. Bank of America*, No. 12–05706, 2013 WL 1701602, at *2 (N.D. Cal. Apr.18, 2013)(plaintiff lacks "standing to challenge foreclosure based on a loan's having been securitized").

1   exhaustive nature of this scheme, California appellate courts have refused to read any

2   additional requirements into the non-judicial foreclosure statute."   *Id.* at 1154 (internal

3   citations and quotation marks omitted).

4      The court emphasized that nonjudicial foreclosures are less expensive and more

5   quickly remedied than judicial foreclosures.  *See id.*  Moreover, "the recognition of the right

6   to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on

7   behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process

8   and introduce the possibility of lawsuits filed solely for the purpose of delaying valid

9   foreclosures."  *Id.*  The *Gomes* court did suggest, however, that a suit for wrongful

10   foreclosure might survive if "the plaintiff's complaint identified a *specific factual basis* for

11   alleging that the foreclosure was not initiated by the correct party."  *Id.* at 1156 (emphasis in

12   original); *see also Lester v J.P. Morgan Chase Bank*, 2013 WL 633333 (N.D. Cal. Feb. 20,

13   2013) (holding that *Gomes* does not foreclose claim that includes a specific factual basis for

14   alleging that lender did not have authority to foreclose); *Sacchi v. Mortgage Elec.*

15   *Registration Sys., Inc.*, 2011 WL 2533029, *8 (C.D. Cal. June 24, 2011) ("Plaintiffs have

16   alleged just such a specific factual basis—namely, that RCS was not yet the beneficiary under

17   the DOT when it executed the Substitution of Trustee in favor of Fidelity."); *Tamburri v.*

18   *Suntrust Mortg., Inc.*, 2011 WL 6294472, *14 (N.D. Cal. Dec. 15, 2011) ("Plaintiff alleges

19   that the wrong parties issued the Notice of Default.  At the 12(b)(6) stage, given the factual

20   uncertainties underlying the parties' arguments, Plaintiff's claim is sufficient to withstand a

21   motion to dismiss.").

22      As in *Gomes*, Plaintiffs' Complaint does not identify a *specific factual basis* to

23   challenge Defendants' authority to foreclose.  *See Gomes*, 192 Cal. App. 4th at 1156.  The

24   absence of such allegations is an additional reason Plaintiffs' claims must be dismissed.

25     **B.**  **HOLA Preemption**

26      Defendants also argue that to the extent Plaintiffs' claims concern the transfer of the

27   Note from WSB to Wachovia and then to Wells Fargo, they are preempted by HOLA.

28   Plaintiffs have not responded to this argument.

8

"[P]reemption may be inferred when federal regulation in a particular field is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Bank of Am. v. City & County of San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002) (internal quotations and citations omitted). Federal regulations provide that HOLA "occupies the field" and therefore preempts state law dealing with the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10). Moreover, courts have directly addressed the issue of where, as here, a foreclosure occurs after a merger between the original owner of the note and another company. "Claims regarding foreclosures occurring post-merger are still generally covered by HOLA when the loan itself originated pre-merger." *Castillo v. Wachovia Mortgage*, 2012 WL 1213296, *5 (N.D. Cal. Apr. 11, 2012); *see also* 9 Witkin, Summary of Cal. Law, Corporations § 198 (10th ed. 2005) (In a merger the surviving entity "succeeds to the rights, property, debts and liabilities, without other transfer").

*DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119 (N.D. Cal. 2010) is illustrative. The action concerned a note secured by WSB and a non-judicial foreclosure initiated by Wells Fargo. At the time the loan was made to the plaintiffs, WSB was a "federally chartered savings bank organized and operating under HOLA." *Id.* at 1126. The court concluded that as such, the "same preemption analysis would apply to any alleged conduct after November 1, 2009, when the lender merged into a national banking association." *Id.*; *see also Appling v. Wachovia Mortgage, FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) ("although Wells Fargo itself is not subject to HOLA and OTS regulation, [the] action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations."); *Lopez v. Wachovia Mortg.*, 2010 WL 2836823, at *2 (N.D. Cal. July 19, 2010) (finding that although Wells Fargo is a federally chartered national bank, the action is governed by HOLA because the loan originated with World Savings Bank, which was regulated by OTS and subject to HOLA); *Parmer v. Wachovia*, 2011 WL 1807218, at *1 (N.D. Cal. Apr. 22, 2011) ("World Savings Bank, Wachovia, and its successor Wells Fargo, were subject to HOLA with respect to the origination and ownership of plaintiff's loan, and

9

1    any claims asserted by plaintiff related to the servicing or processing of the loan or its sale to

2    a subsequent purchaser, are all preempted.").

3            *Ahmed v. Wells Fargo Bank & Co.*, 2011 WL 1751415 (N.D. Cal. May 9, 2011)

4    involved a substitution of trustee and a notice of foreclosure.  Among his arguments, the

5    plaintiff claimed that defendants failed to provide proof of their right to foreclose.  *Id.* at *1.

6    Three of the plaintiff's causes of action concerned "alleged defects in the procedure used to

7    foreclose the subject property," including the claim that "defendants did not possess the

8    promissory note."  *Id.* at *3.  The court concluded that such causes of action are preempted by

9    HOLA, reasoning that "[t]hese claims are predicated upon alleged improprieties in the

10   foreclosure procedure used by defendants and therefore affect lending because they involve

11   the 'processing, origination, servicing, sale or purchase of, or investment or participation in,

12   mortgages,' as defined in 12 C.F.R. § 560.2(b)(10)."  *Id.*; *see also Hague v. Wells Fargo*

13   *Bank, N.A.*, 2012 WL 1029668, at *4 (N.D. Cal. Mar. 26, 2012) ("The wrongful foreclosure

14   action is based on allegations regarding note ownership, securitization, and substitution of

15   trustee, all defects in the foreclosure procedure used by Defendant and therefore within the

16   ambit of HOLA preemption.").

17           Plaintiffs' case is no different.  To the extent they argue that Wells Fargo failed to

18   prove its authority to foreclose, such claims fall within the scope of those state laws

19   specifically preempted by HOLA since they concern the "[p]rocessing, origination, servicing,

20   sale or purchase of, or investment or participation in, mortgages."  12 C.F.R. § 560.2(b)(10).

21   As Plaintiffs' claims address the transfer of enforcement rights as part of the purchase of their

22   Note, they are preempted.

23           Finally, HOLA does not itself provide a private right to action.  *See Taylor v. Citizens*

24   *Fed. Sav. & Loan Ass'n*, 846 F.2d 1320 (11th Cir. 1988) (holding that mortgagor had no

25   private right of action for alleged violations of HOLA because HOLA was not enacted for

26   special benefit of mortgagors and there was no indication of legislative intent to create private

27   remedy); *Burns Int'l, Inc. v. W. Sav. & Loan Ass'n*, 978 F.2d 533, 536 (9th Cir. 1992)

28   (agreeing with *Taylor* in holding that the creation of new federal common law causes of

     action is unnecessary for allegations of fraudulent misrepresentations in connection with a

bank loan because the remedy under state law is adequate); *Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1206 (C.D. Cal. 2008) (interpreting *Burns* to support finding of no private right of action under the HOLA); *cf. Amaral v. Wachovia Mortg. Corp.*, 2010 WL 2673766, at *11 (E.D. Cal. July 2, 2010) (declining to following *Burns* where decision involved subject matter jurisdiction based on alleged HOLA violation by defendant, not HOLA preemption).  Further, this Court has previously dismissed Section 2923.5 claims as preempted by HOLA with prejudice.  *See Giordano v. Wachovia Mort., FSB,* 2010 WL 5148428, at * 5 (N.D. Cal., Dec. 14, 2010) (dismissing Section 2923.5 claim without leave to amend as preempted by HOLA).

### C.      Plaintiffs' Claims for Injunctive and Declaratory Relief

Plaintiffs' first cause of action seeks permanent and injunctive relief; however, "[i]njunctive relief is a remedy, not a cause of action, and thus it must be tethered to some independent legal duty owed by the defendant." *Martone v. Burgess*, No. 08–2379, 2008 WL 3916022, at *3 (N.D. Cal. Aug. 25, 2008).  Because the claim for injunctive relief is predicated on Plaintiffs' argument that Defendants lack standing to foreclose, which the Court has rejected, Plaintiffs' claim for injunctive relief claim necessarily fails.

Similarly, Plaintiffs' second cause of action for declaratory relief must present an actual controversy between the parties.  *Preciado v. Wells Fargo Home Mortgage*, No. 13-00382, 2013 WL 1899929, at *6 (N.D. Cal. May 7, 2013).  Because the Court concludes that Plaintiffs' lack of standing argument (on which the declaratory relief claim is based) fails to state a claim, Plaintiffs' second cause of action must be dismissed as well.

### D.      Plaintiffs' Quiet Title Claim

Plaintiffs' third cause of action for quiet title alleges that there is no evidence that Wells Fargo is the real party in interest and the Deed is defective.  Under California law, a claim for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. *See* Cal.Code Civ. Pro. § 761.020.  Further, Plaintiffs must allege

United States District Court
Northern District of California

that they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust." *Kelley v. Mortgage Elec. Registration Sys.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).  "[I]t is dispositive as to this claim that, under California law, a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (internal citation omitted).  Here, Plaintiffs' Complaint is not verified and Plaintiffs have not alleged that they paid their outstanding debt.  Accordingly, their claim for quiet title must be dismissed.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (Dkt. No. 7) is GRANTED.

As Plaintiffs have not previously amended their complaint, are proceeding pro se, and have twice attempted to appear for oral argument, the Court grants them leave to amend to add new claims if they can do so in good faith in light of this Order.  Plaintiffs' amended complaint may not be based on any claims under the UCC [or the transfer of the Note to Wells Fargo].  If Plaintiffs elect to file an amended complaint, it is due on or before June 17, 2013.  Plaintiffs are warned that failure to file an amended complaint by the deadline will result in dismissal of their action with prejudice.

Plaintiffs may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension 8657, for free legal advice regarding their claims.

**IT IS SO ORDERED.**

Dated: May 16, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE